**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**SANG QUANG THAI,**

Petitioner,

**v.**

**MARTIN L. FRINK**, Warden, Houston Contract Detention Facility; et al., each in their official capacity,

Respondents.

**Civil Action No. 4:26-cv-03933**

**[PROPOSED] ORDER**

Before the Court are the Petition for Writ of Habeas Corpus (Dkt. 1), Respondents' Motion for Summary Judgment (Dkt. 6), Assented-to Motion of Petitioner for Expedited Consideration (Medical Reason); Alternatively Opposed Petitioner's Cross-Motion for Summary Judgment on Expedited Briefing Schedule (Dkt. 9), and Opposed Emergency Motion of Petitioner for Immediate Ruling or Alternatively, Interim Relief Pending Decision (Dkt. 11).

Merits briefing closed June 8, 2026. Petitioner has remained confined in immigration custody since August 31, 2025—almost fourteen months—and has submitted medical records maintained by the detention facility documenting a serious medical condition requiring indefinite, serial laboratory monitoring and ongoing, close specialist follow-up for treatment and progression surveillance that cannot be provided at the detention facility. The Court finds expedited consideration appropriate under 28 U.S.C. §§ 1657(a) and 2243.

Having considered the Petition, the motions, the record, and the applicable law, the Court finds that Petitioner has provided good reason to believe there is no significant likelihood of his

removal in the reasonably foreseeable future and that Respondents have not rebutted that showing. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

**IT IS ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED, and Respondents' Motion for Summary Judgment (Dkt. 6) is DENIED;
2. Respondents shall release Petitioner from immigration custody immediately under the conditions of his March 18, 2008 Order of Supervision;
3. Respondents shall arrange and pay for Petitioner's transportation to Boston, Massachusetts within forty-eight hours of this Order;
4. Respondents shall return all personal property seized from Petitioner on or after August 31, 2025, including his walking cane, driver's license, employment authorization document, medical card, and wallet, and shall provide Petitioner and his counsel a complete copy of his detention medical records from August 2025 through the date of release; and
5. Respondents shall file a notice of compliance within three days of this Order.

**ALTERNATE ORDER FOR INTERIM RELEASE** if the Court does not rule on the Petition at this time:

1. Pending decision on the Petition, Respondents shall release Petitioner under the conditions of his March 18, 2008 Order of Supervision; arrange and pay for Petitioner's transportation to Boston, Massachusetts within forty-eight hours of this Order; return all personal property seized from Petitioner on or after August 31, 2025, including his walking cane, driver's license, employment authorization document, medical card, and wallet; provide Petitioner and his counsel a complete copy of his detention medical records from August 2025 through the date of release; and file a notice of compliance within three days of this Order.

**ALTERNATIVE ORDER FOR SPECIALIST FOLLOW-UP** if the Court defers decision on the Petition and does not order interim release:

1. Respondents shall, within seven days of this Order, ensure that Petitioner is evaluated by a hematologist at Texas Oncology or another qualified hematologist, with a CBC with differential/platelets, comprehensive metabolic panel, and lipid panel completed before that evaluation, and shall, within ten days of this Order, file under seal, with a copy served on Petitioner's counsel, a verified status report identifying the status of Petitioner's hematology referral, his most recent laboratory results, follow-up monitoring and treatment schedule, and how Respondents will pay for the off-site care provided on or after October 1, 2026.

**APPLICABLE TO ALL ORDERS**:

1. Respondents shall provide counsel and the Court **at least seventy-two hours' written notice** before transferring Petitioner from the Houston Contract Detention Facility or removing him from the United States so that Petitioner may be appropriately assessed for physical and medical fitness for the required travel and make arrangements to access continued medical care. 28 U.S.C. § 1651(a).

**SIGNED** on ____________________, 2026, at Houston, Texas.

__________________________________

**LEE H. ROSENTHAL**
SENIOR UNITED STATES DISTRICT JUDGE