United States District Court
Southern District of Texas
**ENTERED**
November 17, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SANG QUANG THAI, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-26-3933 |
| vs. | § | |
| | § | |
| WARDEN, Houston Contract Detention Facility, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

**ORDER**

The petitioner, Sang Quang Thai, is currently detained at the Houston Contract Detention Facility by United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Docket Entry No. 1) seeking relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001). The respondents have responded by filing a motion for summary judgment (Docket Entry No. 6) and Thai has filed a reply (Docket Entry No. 8). Having reviewed the petition, the briefing and exhibits, and the applicable law, the court denies the respondents' motion for summary judgment and grants in part the petition for a writ of habeas corpus. The reasons are explained below.

## I. Background

Thai legally entered the United States in 1992 as refugee from Vietnam. He has lived in Massachusetts since he entered the United States. Thai became a lawful permanent resident in 1994. In June 1997, Thai was convicted in the U.S. District Court for the District of Massachusetts for possession with intent to distribute a class A controlled substance. Thai served some amount

of prison time. Upon his release from prison, in 1998, immigration authorities served Thai with a Notice to Appear charging him with being deportable after being found guilty of an aggravated felony. In December 1998, an immigration judge ordered Thai deported to Australia, where Thai has family, or to Vietnam. The Australian government formally rejected the United States' application to deport Thai to Australia. Thai's immigration case was closed and then re-opened. In 2000, an immigration judge granted Thai withholding of removal to Vietnam. The order of removal became final in June 2000. In November 2000 Thai was released from immigration detention under an order of supervision (OSUP).

In August 2002, Thai pleaded guilty to shoplifting in Peabody District Court in violation of Massachusetts General Law. In October 2004, Thai pleaded guilty in Boston District Court to larceny in violation of Massachusetts General Law. In March 2008, Thai was re-detained for approximately two weeks in connection with a 2007 civil restraining order and then released under a new OSUP. On August 31, 2025, Thai was taken into ICE custody.

Thai remains in detention. He asserts several claims for relief, including that his due process rights have been violated under the framework set out by the Supreme Court in *Zadvydas*. Among other relief, he seeks release from custody.

The respondents move for summary judgment, contending that Thai's detention is lawful under 8 U.S.C. § 1231 because Thai does not show that removal is not likely in the reasonably foreseeable future. (*See* Docket Entry No. 6).

## II. The Applicable Legal Standards

### A. 28 U.S.C. § 2241

Section 2241(c)(1) of Title 28 of the United States Code "applies to persons held 'in custody under or by color of the authority of the United States.'" *Munaf v. Geren*, 553 U.S. 674,

686 (2006) (citing § 2241(c)(1)). "An individual is held 'in custody' by the United States when the United States official charged with his detention has 'the power to produce' him." *Id.* (quoting *Wales v. Whitney,* 114 U.S. 564, 574 (1885) (1885); *see also* 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained")).

Habeas corpus is available to a person challenging the legality of immigration-related detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). Courts retain jurisdiction to review an alien's detention "insofar as that detention presents constitutional issues, such as those raised in a habeas petition." *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (citation omitted).

**B. Summary Judgment**

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). "Because this case arises in a summary judgment posture, [the court] view[s] the facts in the light most favorable to [the petitioner], the nonmoving party." *Canady v. Davis*, 687 F. App'x 362, 365 (5th Cir. 2017) (quoting *City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1769 (2015)).

## III. Analysis

The detention of non-citizens who are under a final order of removal is governed by 8 U.S.C. §1231. The statute provides that, in general, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A). During this 90-day removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A)). The Attorney General has discretion to extend detention beyond the 90-day removal period in some cases. *See* 8 U.S.C. § 1231(a)(6). However, because "[a] statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem[,]" *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), the Supreme Court has "read an implicit limitation into the statute" that "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. In *Zadvydas*, the Supreme Court established a "6-month presumption" of reasonableness following the issuance of a removal order. *Id.* at 701. After the 6-month period of "presumptively reasonable" detention ends, a petitioner seeking release from detention must show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* Once a petitioner meets this burden, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id.*

Thai's order of removal became final in 2000, and he has been held in immigration custody since August 31, 2025. Thai has been detained after a final order of removal longer than the six-month presumptively reasonable period established in *Zadvydas*.

The court finds that Thai has met his burden to show that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. The uncontroverted facts in the record show that Thai cannot be removed to the country of his birth

(Vietnam) and that Australia has rejected the United States' application to remove him to that country. Because Thai has shown good reason, the burden now shifts to the respondents to "respond with evidence sufficient to rebut [a petitioner's] showing." *Zadvydas*, 533 U.S. at 701.

Submitted with the motion for summary judgment is a sworn declaration from a DHS Deportation Officer, Rylan L. Bradford, dated May 27, 2026. (Docket Entry No. 6-1). Officer Bradford describes DHS's efforts to remove Thai:

> On August 31, 2025, Suffolk County SO, South Boston, MA, arrested Mr. Thai for Assault with a Knife. Suffolk County Sheriff's Office, South Boston, MA, released Mr. Thai after bail was paid, and he was taken into custody by ICE/ERO Boston under INA 237(A)(2)(A)(III) and 101(A)(43)(B).
>
> On September 5, 2025, a Notice of Revocation of Release was issued by ERO. It was served on Mr. Thai on September 10, 2025.
>
> On September 15, 2025, the case officer reached out to HQ RIO for assistance in finding a third country of removal for Mr. Thai.
>
> On November 20, 2025, the local field office completed a post order custody review. Mr. Thai's extensive criminal history and repeated pattern of arrests make him a threat to the public and contributed to the decision for his continued detention.
>
> On March 6, 2026, Mr. Thai's case was referred to HQ-RIO for assistance in finding a third country of removal.
>
> On May 18, 2026, Mr. Thai was added to HQ RIO's third country national list.
>
> As of May 27, 2026, Mr. Thai has been in ICE custody for a total of 465 days including his current detainment, his current detainment alone has lasted 269 consecutive days. THAI's case is pending with HQ RIO, we are awaiting a third country of removal for Mr. Thai. Upon notification that a country will accept him, ICE ERO will see for Mr. Thai's immediate removal

(*Id.* at 4–5).

The government's response that they are searching for a third county to accept Thai's removal does not meet their burden to show that Thai is likely to be removed in the reasonably foreseeable future. The government has not offered any documents, diplomatic agreements, or

other concrete evidence that supports that Thai will be removed in the near future. *See Morrad v. Warden of Prairieland Det. Ctr.*, No. 3:26-CV-0845-X-BK, 2026 WL 2087368, at *1 (N.D. Tex. July 20, 2026) (finding that the petitioner's removal is not significantly likely to occur in the reasonably foreseeable future and ordering the petitioner's release when the government "neither identified a third country willing to accept [the petitioner], secured travel documents, nor provided any timeline for [the petitioner's] removal"). "[G]eneralized statements about removal efforts and averments of likelihood of removal alone are insufficient to satisfy respondents' evidentiary burden." *Le v. Bondi*, No. 4:25-CV-06257, 2026 WL 1138362, at *4 (S.D. Tex. Apr. 21, 2026) (quoting *Chang v. Perez, et al.*, No. 5:25-cv-294, slip op. at 9 (S.D. Tex. Feb. 11, 2026)); *see also Baltodano v. Bondi*, 815 F. Supp. 3d 1191, 1198 (W.D. Wash. 2025).

The court finds that Thai's continued detention violates due process because he has been detained for more than six months and there is no significant likelihood of removal in the reasonably foreseeable future. Thai is entitled to relief on the indefinite detention claims in his petition for a writ of habeas corpus. The court orders his release from detention.[1]

---

[1] That Thai is a convicted criminal does not mean that the government may detain him indefinitely. As explained by another federal court in the Middle District of Florida:

> [The petitioner] is a convicted criminal. Yet, because the Government is completely unable to effectuate his removal, he has been allowed to live in this country for over ten years without facing the ultimate immigration consequence. But this Court is bound by the law. And the law is clear: the Government cannot lock individuals in a cell indefinitely as a workaround for a stalled deportation process, nor can it use indefinite detention simply to placate popular opinion. *Zadvydas*, 533 U.S. at 682. The Constitution cannot be ignored just because the facts are frustrating. If there is a flaw in a system that leaves convicted criminals in a state of perpetual immigration limbo, the remedy lies in the halls of Congress or with the Executive branch—not with a federal judge.

*Castellanos- Gorra v. Warden of Alligator Alcatraz*, No. 2:26-CV-833-KCD-NPM, 2026 WL 1413153, at *2 (M.D. Fla. May 20, 2026)

## IV. Conclusion

The court **orders** as follows:

1. The respondents' motion for summary judgment (Docket Entry No. 6) is **denied**.
2. The petition for a writ of habeas corpus filed by Sang Quang Thai (Docket Entry No. 1) is **granted in part**.
3. Any other pending motions are **denied as moot**.
4. The respondents must release the petitioner, Sang Quang Thai, **by Monday, November 23, 2026**. The petitioner's release is subject to 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5. The respondents must notify the petitioner's counsel of the exact location and exact time of the petitioner's release **as soon as practicable and no less than 72 hours before the petitioner's release**.
5. The respondents must return to the petitioner, at the time of his release from custody, all personal property seized on or after August 31, 2025, including his walking cane. The respondents must also provide the petitioner and his counsel a complete copy of his detention medical records.
6. The petitioner may not be re-detained without a showing that there has been a material change in circumstances, for example, that a third country has agreed to accept the petitioner and that the petitioner's documents are ready.
7. **By November 30, 2026**, the parties must **confer** and **file** a joint status update and indicate whether this case may be closed.

SIGNED on November 17, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge